## DUTCHESS COUNTY COURT.

### GRAVES & WHITE agt. LAKE.

In proceedings supplementary to execution, under § 292, it is not necessary that the *debtor himself* should be examined *on oath* concerning his property.

The section allows the creditor an order, (after the return of execution unsatisfied,) "requiring such judgment-debtor to appear and answer concerning his property." This is simply a provision to bring him before the judge. The *examination* as to the *property* of the judgment-debtor, may be made by examination, under oath, of witnesses, or of the debtor as a witness, or both, or either of them.

*Dutchess County*, Dec., 1855.

PROCEEDINGS supplementary to execution.

On the return of an execution unsatisfied, against the property of the judgment-debtor, an order was granted requiring the defendant to appear and answer concerning his property. On the return-day of the order the parties appeared; and the plaintiffs, after the examination of witnesses, (other than the defendant,) showing money in the possession of the judgment-debtor, independent of his earnings, within sixty days past, without examining the defendant on oath, rested their case. And the defendant moved for a dismissal of the order and the proceedings thereon, because the plaintiffs had not examined the defendant on oath concerning his property.

J. W. ELSEFFER, *for plaintiffs.*
S. WODELL, *for defendant.*

Graves & White agt. Lake

NELSON, County Judge. It is provided by § 292 of the Code, that when an execution against the property of the judgment-debtor, issued, &c., is returned unsatisfied, the judgment-creditor, at any time after such return made, is entitled to an order, " requiring such judgment-debtor to appear and answer concerning his property." Certainly, this does not require that the judgment-debtor must answer *on oath*. In fact, if this part of the section stood alone, I could discover no authority to administer to him an *oath*, or to compel him to testify. The order to *appear and answer* is only to bring him before the judge. If the foregoing words, included within the quotation marks, made it necessary for the plaintiff to examine the defendant on oath; then the provision contained in the same section, that " on an examination under this section, *the judgment-debtor may be examined in the same manner as a witness*," would be unnecessary.

The whole object of this proceeding is to ascertain whether the debtor has property not exempt from execution, in the hands of himself or of any other person, or due to him; all of which facts a plaintiff might be able to establish by witnesses, independent of the judgment-debtor; and the debtor himself might be unworthy of credit as a witness. If I am right, as to the object of the proceeding, why, then, should the plaintiff be required, in a case like the present, to examine the judgment-debtor on oath? Certainly, there can be no necessity for it.

The words, " on an examination under this section," means *on an examination as to the property of the debtor*, by calling witnesses, or by calling, swearing and examining the debtor, *as a witness*, or both, or either, and not simply *the examination of the judgment-debtor on oath*, concerning his property.

The motion must, therefore, be denied.